Singh v. Garland

BIA
Poczter, IJ
A208 191 895

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-two.

PRESENT:
>JOHN M. WALKER, JR.,
>DENNIS JACOBS,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

---

HARVINDER SINGH,
>*Petitioner*,

v.                                                    **19-2449**
                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

---

FOR PETITIONER:          Richard W. Chen, Esq., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Nelle M.

Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harvinder Singh, a native and citizen of India, seeks review of a July 17, 2019 decision of the BIA affirming a January 30, 2018, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harvinder Singh*, No. A 208 191 895 (B.I.A. July 17, 2019), *aff'g* No. A 208 191 895 (Immig. Ct. N.Y. City Jan. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer [] to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of rival political parties attacked him because of his membership in the Akali Dal Mann Party.

The agency reasonably relied on discrepancies between Singh's testimony, written statement, and documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Singh

testified that he twice sought medical treatment for injuries sustained in beatings by rival party members, but his application and a March 2017 letter from a doctor mentioned only one visit. The agency did not err in relying on this omission of a second medical visit because Singh testified about such a visit to explain another inconsistency about who helped him get to the doctor, and his explanations for the omission from the doctor's letter were themselves inconsistent. *See Hong Fei Gao*, 891 F.3d at 82 (explaining that an IJ may rely on "omissions that tend to show that an applicant has fabricated his or her claim"); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, Singh's testimony was inconsistent with three letters he provided to corroborate his testimony about the attacks against him. One author, Quilla Singh, described himself as a member of Singh's political party, but Singh testified that Quilla was his neighbor and not a party member.

4

Singh also submitted letters from two additional witnesses who identified themselves as Singh's neighbors and who described the attacks, explicitly stating that they were present for the attacks; in contrast, Singh testified that these neighbors did not witness the attacks. Singh's explanation that the authors of these letters were mistaken was not compelling given the detail in the letters about what was witnessed. *See Majidi*, 430 F.3d at 80.

Moreover, Singh's failure to corroborate his testimony with reliable documentary evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Singh argues that the agency failed to adequately consider his country conditions evidence, but the record does not suggest that the IJ ignored material evidence, given that Singh was not credible as to his political involvement or his attacks. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's

5

evaluation of the weight to be afforded an applicant's documentary evidence."); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

In sum, given the inconsistencies about the alleged attacks, the omissions, and the lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. This determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
